**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JOHN CROSS, JR.,** individually and on behalf of all persons similarly situated, | Civil Action No.: |
| Plaintiff, | **COLLECTIVE ACTION COMPLAINT** |
| v. | **Jury Trial Demanded** |
| **TARANTINO PROPERTIES, INC.,** | |
| Defendant. | |

**COLLECTIVE ACTION COMPLAINT**

Plaintiff John Cross Jr. ("Plaintiff" or "Cross"), on behalf of himself and all others similarly situated, by and through his attorneys, brings this collective action lawsuit against Tarantino Properties, Inc. ("Defendant" or "Tarantino"), seeking all available remedies under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. ("FLSA"). The foregoing allegations are made on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

**INTRODUCTION**

1. This case is about Defendant's knowing and willful failure to pay its non-exempt employees overtime wages at the legal overtime pay rate for overtime work as required by the FLSA. Specifically, Defendant failed to include commission payments into its determination of Plaintiff's and Collective Member's regular rate for purposes of calculating their overtime wages due. As a result, Defendant systematically underpaid Plaintiff's and similarly situated employees' overtime wages.

## JURISDICTION AND VENUE

2. The exercise of jurisdiction over Plaintiff's FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. The exercise of personal jurisdiction over Defendant is proper because Defendant is registered to conduct business and conducts business in Pennsylvania. *See* 42 Pa. Cons. Stat. § 5301(a)(2)(i); *see also Mallory v. Norfolk S. Ry. Co.*, 600 U.S. 122, 134 (2023).

4. Venue in this Court is proper pursuant to 28 U.S.C. § 1391. Defendant resides in this District and conducts business in this District.

## PARTIES

5. Plaintiff John Cross, Jr. is an individual residing in Hearne, Texas. Plaintiff worked for Defendant as a Maintenance Assistant between approximately May 4, 2024, until October 8, 2024. Pursuant to 29 U.S.C. § 216(b), Plaintiff has consented in writing to participate in this action. *See* Exhibit A.

6. Defendant is a Texas corporation that maintains its principal offices in Texas. Defendant is registered as a foreign corporation authorized to do business in Pennsylvania. Defendant maintains systematic and continuous business operations throughout the Commonwealth of Pennsylvania and within this judicial district including, *inter alia*, by maintaining properties at 6301 Overbrook Ave, Philadelphia, PA 19151 and at 1127 Ward St, Chester, PA 19013.

7. Defendant designated a Commercial Registered Office Provider in the Commonwealth of Pennsylvania for service of process and can be served at Capitol Corporate Services, Inc., 125 Locust Street, Harrisburg, PA 17101.

8. At all times material to this action, Defendant employed individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise

working on goods or materials that have been moved in or produced in commerce by any person, as defined by the FLSA, 29 U.S.C. §§ 206-207.

9. Defendant's annual gross volume of sales made or business done exceeds $500,000.

## FLSA COLLECTIVE DEFINITION

10. Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action, individually, and on behalf the following proposed collective:

> All current and former non-exempt employees who worked for Tarantino Properties, Inc. in the United States who worked more than forty hours in at least one workweek during the past three years and received at least one commission payment (the "FLSA Collective").

11. Plaintiff reserves the right to redefine the FLSA Collective prior to notice, and thereafter, as may be warranted or necessary.

## FACTS

12. Defendant "is a full service real estate company, established in 1980, that specializes in managing a wide range of income producing properties."[1]

13. Defendant employs hundreds of non-exempt workers across the United States including in Pennsylvania, Alabama, Arizona, Arkansas, California, Colorado, Florida, Nevada, North Carolina, South Carolina, Tennessee, Texas, and Virginia.

14. Plaintiff worked for Defendant as a Maintenance Assistant between approximately May and October 2024.

15. Defendant classified Plaintiff as a non-exempt employee and paid him hourly wages. At the end of his employment, Plaintiff was paid $20.00 per hour.

16. Plaintiff also received monthly commissions based on the number of new rental

---

[1] *See* https://www.tarantino.com/ (last visited January 9, 2025).

agreements signed. For example, on August 15, 2024, Defendant paid Plaintiff commissions in the amount of $450.00.

17. Plaintiff knows of other similarly situated non-exempt employees who receive similar commissions based on the number of new rental agreements signed.

18. As a Maintenance Assistant, Plaintiff performed general building maintenance at one of Defendant's apartment complexes in Texas. Plaintiff performed various maintenance tasks including painting, plumbing, and preparing apartments for new tenants to rent.

19. Defendant employs other non-exempt employees, like Plaintiff, who receive similar commission payments including, but not limited to, Maintenance Technicians, Maintenance Assistants, Maintenance Make Ready/Porters, Assistant Property Managers, Property Managers, Leasing Managers, and Leasing Agents.

20. Plaintiff regularly worked in excess of forty (40) hours a week.

21. Plaintiff observed other similarly situated employees who worked similar schedules and who regularly worked in excess of forty (40) hours a week.

22. Under the FLSA "[c]ommissions (whether based on a percentage of total sales or of sales in excess of a specified amount, or on some other formula) are payments for hours worked and must be included in the regular rate." 29 C.F.R. § 778.117.

23. Defendant, however, fails to include the commission payments in its determination of Plaintiff's and other FLSA Collective Members' regular rate for purposes of calculating overtime wages due for hours worked over forty in any given work week.

24. Therefore, Defendant fails to pay overtime wages on the portion of Plaintiff's and FLSA Collective Members' earnings attributable to the commission payments, which properly should be included in the calculation of each employee's regular rate for purposes of calculating

the proper overtime rate.

25. FLSA Collective Members are entitled to have their commission payments included in the determination of their regular rate for purposes of calculating overtime pay due for hours worked over forty in any given workweek.

26. Defendant's failure to pay overtime wages on the commissions portion of FLSA Collective Members' earnings violates the FLSA.

27. As a result, Defendant systematically underpays overtime wages due to FLSA Collective Members.

**Defendant Willfully Violated the FLSA**

28. Defendant's actions in violation of the FLSA were or are made willfully in an effort to avoid liability under the FLSA and applicable state law.

29. Even though the FLSA requires overtime premium compensation for all hours worked over forty (40) per week, Defendant did not pay Plaintiff and FLSA Collective Members the proper overtime premiums for all overtime hours worked.

30. Defendant knew that Plaintiff and FLSA Collective Members were entitled to proper overtime premiums because Defendant classified Plaintiff and FLSA Collective Members as non-exempt under the FLSA.

31. The regulations that interpret the overtime provisions of the FLSA are clear. The regulations explicitly state that "[c]ommissions (whether based on a percentage of total sales or of sales in excess of a specified amount, or on some other formula) are payments for hours worked and must be included in the regular rate." 29 C.F.R. § 778.117.

32. Defendant has been on notice of its FLSA obligations given that it maintains a sophisticated Human Resources department and has been involved in several lawsuits alleging non-

compliance in the past. *See e.g.*, *Hines v. Tarantino Properties, Inc.*, No. 6:19-cv-00725 (M.D. Fla. filed April 17, 2019); *Scola v. Tarantino Properties, Inc.*, No. 9:15-cv-81653 (S.D. Fla. filed Dec. 7, 2015); *Mathis v. Tarantino Properties, Inc.*, No. 2:14-cv-14418 (S.D. Fla. filed Oct. 22, 2014).

33. By failing to pay all overtime compensation owed to Plaintiff and FLSA Collective Members, Defendant has acted willfully and with reckless disregard of clearly applicable FLSA provisions.

34. Defendant has not made good faith efforts to comply with the FLSA.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

35. Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the FLSA Collective defined above.

36. Plaintiff desires to pursue his FLSA claims on behalf of any individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

37. Plaintiff and the FLSA Collective are "similarly situated," as that term is used in 29 U.S.C. § 216(b), because, *inter alia*, all such individuals worked pursuant to Defendant's previously-described common pay practices and, as a result of such practices, were not paid the full and legally mandated overtime premium for hours worked over forty (40) hours during the workweek. Resolution of this action requires inquiry into common facts, including, *inter alia*, Defendant's common compensation, timekeeping, and payroll practices.

38. The similarly situated employees are known to Defendant and are readily identifiable and may be located through Defendant's business records and the records of any payroll companies Defendant uses.

39. Defendant employs many FLSA Collective Members throughout the United States. These similarly situated employees may be readily notified of the instant litigation through direct

6

means, such as U.S. mail, email, and/or other appropriate means, and should be allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their similar claims for overtime and other compensation violations, liquidated damages, interest, and attorneys' fees and costs under the FLSA.

## COUNT I
## Violation of the FLSA
## (On Behalf of Plaintiff and the FLSA Collective)

40. All previous paragraphs are incorporated as though fully set forth herein.

41. The FLSA requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1½) times the regular rate at which he is employed. *See* 29 U.S.C. § 207(a)(1).

42. Defendant is subject to the wage requirements of the FLSA because Defendant is an "employer" under 29 U.S.C. § 203(d).

43. At all relevant times, Defendant was, and continues to be, an "employer" engaged in interstate commerce and/or in the production of goods for commerce within the meaning of the FLSA. *See* 29 U.S.C. § 203.

44. During all relevant times, the members of FLSA Collective, including Plaintiff, were covered employees entitled to the above-described FLSA protections. *See* 29 U.S.C. § 203(e).

45. Plaintiff and the FLSA Collective are not exempt from the requirements of the FLSA.

46. The FLSA requires Defendant to pay non-exempt employees one-and-one-half times their regular rate of pay for all hours worked over forty in a work week. 29 U.S.C. § 207.

47. Plaintiff and the FLSA Collective are entitled to be paid overtime compensation for all hours worked over forty (40) in a workweek pursuant to 29 U.S.C. § 207(a)(1) and 29 C.F.R.

§ 778.107.

48. The FLSA defines the "regular rate" as including "all remuneration for employment paid to, or on behalf of, the employee." 29 U.S.C. § 207(e).

49. The Supreme Court has held that the term "regular rate" "obviously means the hourly rate actually paid the employee for the normal, non-overtime workweek." *Bay Ridge Operating Co. v. Aaron*, 334 U.S. 446, 460 (1948) (quoting *Walling v. Helmerich & Payne, Inc.*, 323 U.S. 37, 40 (1944)).

50. With a few limited exceptions, all remuneration given to an employee must be included in the employee's regular rate calculation. *See* 29 U.S.C. § 207(e); 29 C.F.R. § 778.108.

51. Further, "[c]ommissions (whether based on a percentage of total sales or of sales in excess of a specified amount, or on some other formula) are payments for hours worked and must be included in the regular rate." 29 C.F.R. § 778.117.

52. The commissions that Defendant paid should be included in Plaintiff's and FLSA Collective Members' regular rate.

53. Defendant has denied overtime compensation on the commissions portion of the FLSA Collective's compensation.

54. Defendant's compensation scheme applicable to Plaintiff and the FLSA Collective failed to comply with either 29 U.S.C. § 207(a)(1) or 29 C.F.R. § 778.207(b).

55. Defendant knowingly failed to compensate Plaintiff and the FLSA Collective at a rate of one and one-half (1½) times their regular rate for hours worked in excess of forty (40) hours per week, in violation of 29 U.S.C. § 207(a)(1) and 29 C.F.R. § 778.207(b).

56. In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

57. Pursuant 29 U.S.C. § 216(b), employers, such as Defendant, who fail to pay an employee wages in conformance with the FLSA shall be liable to the employee for the unpaid minimum and overtime wages, an additional equal amount as liquidated damages, reasonable attorney's fees, and costs of the action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks the following relief on behalf of himself and all others similarly situated:

a. An order permitting this litigation to proceed as an FLSA collective action pursuant to 29 U.S.C. § 216(b);

b. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential FLSA Collective members;

c. Back pay damages (including unpaid overtime compensation) and prejudgment interest to the fullest extent permitted under the law;

d. Liquidated damages and penalties to the fullest extent permitted under the law;

e. Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

f. Such other and further relief as this Court deems just and proper.

Dated: January 9, 2025                     Respectfully submitted,

/s/ *Camille Fundora Rodriguez*
Camille Fundora Rodriguez
Michael J. Anderson
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel.: (215) 875-3000
Fax: (215) 875-4604
crodriguez@bm.net
manderson@bm.net

9

Alexandra K. Piazza
**BERGER MONTAGUE PC**
8241 La Mesa Blvd, Suite A
La Mesa, CA 91942
Tel.: 215-875-3063
apiazza@bm.net

*Attorneys for Plaintiff and the Proposed Collective Members*